IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED
FEB 0 2 2005

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 5:05-CV-73 |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | COMPLAINT |
| SAINT AUGUSTINE'S COLLEGE | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to employees who were adversely affected by the practices. The Commission alleges that Defendant Saint Augustine's College discriminated against Tracy A. Parker, and other similarly situated female employees, by subjecting them to sexual harassment creating a sexually hostile work environment because of their sex, female. The Commission further alleges that Defendant constructively discharged Tracy A. Parker because of her sex.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Saint Augustine's College ("Defendant") has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Raleigh and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Tracy A. Parker filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From at least August 2003, Defendant has engaged in unlawful employment practices at its Raleigh, North Carolina facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, Defendant subjected Tracy A. Parker, and other similarly situated female employees, to discrimination based on their sex by subjecting them to sexual harassment creating a sexually hostile work environment. The sexual harassment included unwelcome sexual

touching, comments, and advances by a male manager who was in the direct line of supervision of Ms. Parker and the other aggrieved individuals. As a result of the sexual harassment, around December 2003, Ms. Parker was forced to resign.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Tracy A. Parker and other similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Tracy A. Parker and other similarly situated female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment and from any other employment practice that discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Tracy A. Parker, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary

to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Tracy A. Parker.

D. Order Defendant to make whole Tracy A. Parker and other similarly situated female employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Tracy A. Parker and other similarly situated female employees, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Tracy A. Parker and other similarly situated female employees punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 2nd day of February 2005.

4

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

_____
LYNETTE A. BARNES
Acting Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

_____
ZOË G. MAHOOD
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Raleigh Area Office
1309 Annapolis Drive
Raleigh, North Carolina 27608-2129
Telephone: 919.856.4080
Facsimile: 919.856.4156

ATTORNEYS FOR PLAINTIFF

5